# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

**IN RE: WILLIAM S. LAWHON, SR.**          Case No. **11-32790-DOT**
    Chapter 13 Debtor

## MEMORANDUM OPINION AND ORDER

Hearing was held on September 14, 2011, on the objection by Anthony and Gertrude Wilkins to confirmation of debtor's chapter 13 plan. On December 11, 2011, as requested by the court, the parties filed a stipulation of additional facts that are necessary to the resolution of the issues raised by the Wilkins' objection.

For reasons stated below, the court will overrule the objection to confirmation and enter an order confirming debtor's plan.

### Facts.

The findings of facts are based primarily on the parties' stipulation filed on December 11, 2011, along with information contained in the debtor's schedules and statement of financial affairs. Although the stipulation in some ways is less than crystal clear and requires the court to make some assumptions, there is sufficient information to support the conclusions reached below.

Debtor filed an individual chapter 13 petition on April 26, 2011. He is married to Billie Lee Lawhon, who is not a debtor in bankruptcy. He filed an amended chapter 13 plan on July 25, 2011. He filed amended schedules on August 30, 2011. He amended his statement of financial affairs on August 30, 2011, and again on December 16, 2011. The Wilkins filed their objection to confirmation of debtor's plan on September 2, 2011.

Prior to debtor's bankruptcy, he and Mrs. Lawhon owned as tenants by the entireties two lots on Gary Road in Lunenberg County, Virginia. In addition, Mrs. Lawhon owned in her own name residential property on Sharron Road in Henrico County, Virginia, which she had inherited in 2001. At the time of the inheritance, the Sharron Road property was encumbered by a credit line deed of trust with Bank of America in the amount of $25,000.

Debtor operated a home construction business, Lawhon Construction LLC, from June 2008 to July 2009. Lawhon Construction built a house on one of the Gary Road lots. On July 21, 2009, the firm borrowed $36,000 from Richmond Mortgage. The promissory note was executed by Lawhon Construction, and the loan was secured by two deeds of trust. The first deed of trust encumbered the Gary Road lots, and the second deed of trust encumbered Mrs. Lawhon's Sharron Road property in Henrico County. Mr. and Mrs. Lawhon were the grantors in these deeds of trust. On October 8, 2009, the Lawhons sold the Gary Road lot on which the house had been built, at which time the Richmond Mortgage loan was repaid, and certificates of satisfaction were filed for both deeds of trust.

On May 12, 2010, the Lawhons granted a deed of trust on the remaining Gary Road lot, which secured a note of Lawhon Construction LLC, in the amount of $51,030. As additional collateral for this loan, Mrs. Lawhon granted a deed of trust on the Sharron Road property. The lender's name has not been disclosed. The Lawhons attempted unsuccessfully to market the Sharron Road property. After the property did not sell, Mrs. Lawhon conveyed the property to Robert and Julie Magill

for $79,950. Julie Magill is debtor's adopted daughter. The transfer was made on January 28, 2011, and shortly afterwards certificates of satisfaction were filed for both deeds of trust and for the credit line deed of trust on the Sharron Road property. The approximate value of the Sharron Road property at the time of transfer was $80,000.

In paragraph 10 of his amended statement of financial affairs, debtor states as follows regarding the transfer of the Sharron Road property:

> Sale of Home Received $18,395.00.13 [sic] in profit. Still has $11,000 left. This was the sale of his wife's home that was titled only in her name. Debtor stated when he came in for initial interview that he and his wife had $11,000.00 left over but by the time he filed the petition it was $9,000.00 as is reflected on Schedule B. The money was used for attorneys fees and to pay bills.

Mr. and Mrs. Lawhon still own one Gary Road lot, which is free of encumbrances and which debtor has scheduled at a value of $15,000. They also own as tenants by the entireties their principal residence located in Kenbridge, Virginia, which debtor scheduled at a value of $289,000. The Kenbridge residence is subject to two deeds of trust that have total scheduled balances in the amount of $155,000. Thus, debtor and his wife have equity in the property, according to the schedules, of $134,000.

Debtor has claimed exemption for these real properties pursuant to 11 U.S.C. § 522(b)(3)(B), which allows a debtor to exempt from property of the estate "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to

the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law. . . ." Debtor's claim of exemption is undisputed.

Debtor's chapter 13 plan proposes to pay the trustee $320 per month for the first 12 months and then $520 for 48 months. The plan provides for full payment of priority tax claims in the approximate amount of $3,000. It also provides for approximately $1,700 per month in direct regular payments toward the two deeds of trust on the Kenbridge residence and for direct payments of $301 per month on a motor vehicle loan. The plan estimates a 13% dividend to unsecured creditors, whose total claims are scheduled at $80,781. All of this debt is individual debt of debtor.

Discussion and Conclusions of Law.

The issue here is whether debtor filed his amended chapter 13 plan in good faith.[1] In this court's decision, *In re Stanley*, 296 B.R. 402 (Bankr. E.D. Va. 2002), which is cited by the Wilkins' attorney in support of their objection to confirmation,[2] the court described the good faith standard of § 1325(a)(3) as follows:

---

[1] [T]he court shall confirm a plan if—
. . .
(3) the plan has been proposed in good faith and not by any means forbidden by law; . . .
11 U.S.C. § 1325(a)(3).

[2] The Wilkins also cite this court's decision in another chapter 13 case, *In re Daniel*, 260 B.R. 763 (Bankr. E.D. Va. 2001). However, a number of factors in *Daniel* supported the court's conclusion that the plan was not filed in good faith. *Daniel* has no precedential value in the present case.

> Good faith is not defined in the Bankruptcy Code. Therefore, courts have some discretion in making a determination of whether a plan is proposed in good faith. . . . Section 1325(a) of the Bankruptcy Code merely states that to be confirmed a Chapter 13 plan must be "proposed in good faith and not by any means forbidden by law." . . . A debtor has the burden of proving that a plan is proposed in good faith . . . . The court cannot confirm a chapter 13 plan that is not proposed in good faith. . . . Good faith is an "'elastic' concept that requires a factual determination on a case-by-case basis" and the court must "examine the practical effect of the plan. . . ." (Citations omitted.)

*Id.* at 405-406.

The Wilkins make two primary arguments to support their contention that debtor's plan is not filed in good faith. First, they assert that bad faith is evidenced in the pre-petition property transactions described in the parties' stipulation as summarized above. However, accepting debtor's property values and other information listed in his schedules as reasonably accurate, the court finds no evidence of bad faith in the circumstances described, although it is true that debtor should have included this information in his initial schedules. The only serious question concerns the sale of Mrs. Lawhon's Sharron Road property to debtor's adopted daughter. However, this was a sale of the wife's individual property; in his most recent amended schedules debtor disclosed a profit of $18,395 on the sale. Debtor has included in his asset schedules one half of the cash remaining from the sale after payment of attorney fees and bills.[3]

The Wilkins' second argument against debtor's good faith relies on this court's

---

[3] Debtor's counsel points out in his letter to the court dated September 9, 2011, (p. 6) that debtor did not have to report this cash in his schedules.

ruling on a similar issue in *Stanley*. *Id*. In that case the court held a debtor's chapter 13 plan was not filed in good faith and denied confirmation. There are similarities between *Stanley* and the present case. In each case, a married debtor filing individually owned real property with his spouse as tenants by the entireties. The forty-eight-month plan in *Stanley* proposed to pay debtor's unsecured creditors 10% of their claims while proposing to pay 100% of the debt securing the real property. The equity of debtor Stanley and his spouse in their property would have been sufficient to pay 80% of debtor's unsecured claims. In the present case, debtor proposes a 60 month plan with a 13% payout to unsecured creditors while continuing to make monthly payments on two deeds of trust on the real property he owns with his wife. The jointly held real property has substantial equity, which theoretically could be used to pay debtor's unsecured creditors substantially more than the 13% proposed.

  While there are these similarities between the two cases, the ruling in *Stanley* was based on a "totality of circumstances" approach,[4] and there are other facts in *Stanley* which distinguish it from the present case. The court in *Stanley* found that debtor Stanley's plan violated the feasibility standard of §1325(a)(6) because he proposed to sell a 50 acre parcel for a price sufficient to pay off a lien on the property, a proposal that was speculative at best. Moreover, Stanley's plan proposed to make monthly payment of nonessential expenses, which the court weighed in the

---

[4] 296 B.R. at 406.

"totality" as an indication of bad faith.

Another factor distinguishing *Stanley* is that it was decided in 2002, prior to the 2005 enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA).[5] It is generally recognized that one of the goals of Congress in enacting BAPCPA was to encourage debtors to file chapter 13 cases rather than chapter 7.[6] Thus the means test in Bankruptcy Code § 707(b)(2) determines whether a debtor may file a chapter 7 or chapter 13. Debtor's counsel, in a letter to the court of September 21, 2011, (p.4) states that debtor could have a filed a chapter 7 case but that he chose to file chapter 13 and that the 13% proposed payout exceeds what creditors would have received in chapter 7. Debtor's chapter 13 plan contains a provision that states that unsecured creditors would receive a 2% distribution in a chapter 7 case. Assuming the accuracy of the figures in the schedules and plan, this is a valid argument.

The mere fact of the one similarity between *Stanley* and this case, i.e., that in both cases the debtors propose to pay secured debt on jointly held property, does not persuade the court that debtor here has filed his chapter 13 plan in bad faith. There is no question of whether debtor's plan proposes to pay "all of debtor's projected disposable income to be received" over the 60 months of the plan. 11 U.S.C. § 1325(b)(2). What has led to the dispute in this case is the fact that

---

[5]Pub. L. No. 109–8, 119 Stat. 23, 11 U.S.C. § 101, *et seq*.

[6]*See e.g. In re Harding*, 423 B.R. 568 (Bankr. S.D. Fla. 2010); *In re Hardacre*, 338 B.R. 718, 720 (Bankr. N.D. Tex. 2006).

§ 522(b)(3)(B) of the Bankruptcy Code provides an exemption for debtor's interest in the property he holds with his wife in a tenancy by the entireties. The exemption applies with respect to debtor's individual debt, which is all of his debt in the case other than the secured claims against the realty.

After considering all the circumstances in this case, the court concludes that the debtor's plan is filed in good faith and should be confirmed. The fact that debtor claims the exemptions to which he is entitled should not in itself preclude his seeking relief under provisions of the Bankruptcy Code. Accordingly,

**IT IS ORDERED** that the objection filed by Anthony and Gertrude Wilkins to the confirmation of the chapter 13 plan of debtor William S. Lawhon, Sr., is **OVERRULED** and the chapter 13 trustee is directed to submit the appropriate order of confirmation in this case.

SIGNED: January 13, 2012          /s/ Douglas O. Tice Jr.
                                  DOUGLAS O. TICE JR.
                                  CHIEF JUDGE

Copies to:

Nupa Agarwal
P.O. Box 17275
Richmond, Virginia 23226
*Counsel to Debtor*

Tessie Barnes Bacon
P.O. Box 35655
Richmond, Virginia 23235
*Counsel to Anthony and Gertrude Wilkins*

Carl M. Bates
Susan Hope Call
Chapter 13 Trustee's Office
P.O. Box 1819
Richmond, Virginia 23218